UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C<small>ORY</small> A. M<small>ORTZFIELD</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>,

    Defendant.
_____/

Case No.  12-15270

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> M<small>ICHAEL</small> J. H<small>LUCHANIUK</small>

**ORDER ADOPTING REPORT AND RECOMMENDATION [14]
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [12] AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [9]**

On February 19, 2014, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") [14] recommending that Defendant's Motion for Summary Judgment [12] be granted and that Plaintiff's Motion for Summary Judgment [9] be denied.  Plaintiff filed an Objection [15] on February 25, 2014.

For the reasons stated below, the Report and Recommendation [14] is ADOPTED and is entered as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment [12] is GRANTED.  Plaintiff's Motion for Summary Judgment [9] is DENIED.

**STATEMENT OF FACTS**

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## ANALYSIS

Plaintiff raises one objection to the R&R [14]. Plaintiff argues that when an ALJ reaches the conclusion that a claimant has moderate limitations in concentration, persistence, and pace ("CPP") independent of a medical source, the ALJ must also incorporate these limitations into his RFC assessment and hypothetical question to the vocational expert ("VE").

> In *Hicks v. Comm'r of Soc. Sec.*, No. 10–13643 (E.D. Mich. Aug. 30, 2011) (Michelson, M.J.), the court thoroughly digested the case law in this district and determined that the cases generally fall into two categories—those where a medical expert has found a moderate limitation in CPP, and those where the ALJ specifically found such a limitation, whether or not there was such a finding by a medical expert. *Id.* at *21–28, *23 n.3 (collecting cases). In the latter class of cases, in which this case falls, the ALJ must incorporate the CPP limitation, *in some way or form*, into the hypothetical questions asked of the VE. *Hicks*, No. 10–13643 at *23–24.

*Boley v. Astrue*, No. 11–10896 at *16 (E.D. Mich. Feb. 10, 2012) (Grand, M.J.) (emphasis added). Here, the ALJ made "a specific finding of the effect of the limitation on the claimant's ability to work." *Boley*, No. 11–10896 at *16, n.4. In his hypothetical to the VE, the ALJ added the requirements that Plaintiff "never climb ladders, ropes, or scaffolds . . . should avoid all use of moving machinery and all exposure to unprotected heights; and [] work would be limited to simple, routine, repetitive tasks" to his assessment that Plaintiff could perform sedentary work. The ALJ, therefore, satisfied the *Hicks* requirement that the hypothetical to the VE "in

some way or form" incorporate Plaintiff's CPP limitation.

## CONCLUSION

The Court having reviewed the record in this case, the Report and Recommendation [14] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS ORDERED** that Plaintiff's Objection [15] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: March 31, 2014 | Senior United States District Judge |